## AMERICAN COTTON COMPANY v. ROBT. M. SMITH.

### Decided May 21, 1902.

**1.—Negligence—Personal Injury—Pleading—Servant.**

Where the action was for injury to a servant caused by his being struck by a piece of timber sawed off and allowed to fall by workmen above him, an allegation in the petition that the master's agent was present and knew that workmen above plaintiff were sawing off timbers and allowing them to fall, can not be construed as an allegation that plaintiff continued his work with knowledge of such action on the part of the workmen above him, especially in view of other allegations of a contrary effect.

**2.—Same—Contributory Negligence—Master and Servant.**

Plaintiff was not guilty of contributory negligence as matter of law because he knew the piece of timber was being sawed off above him, nor did he assume the risk.

**3.—Master and Servant—Vice-Principal—Concurring Negligence—Fellow-Servant.**

Where the negligence of a foreman in charge of the work concurring with the negligence of a fellow-servant causes the injury to a servant, the master is liable, and the fact that the servant injured knew that the fellow-servant was negligent does not in such case preclude a recovery.

**4.—Negligence—Charge—Assumed Risk.**

Failure of the charge to define "negligence" and to submit the issues of contributory negligence and assumed risk was not error where there was no request for such charges.

**5.—Verdict—Clerical Error.**

A judgment will not be reversed because the verdict found for "plainiff," instead of for "plaintiff."

Appeal from Guadalupe. Tried below before Hon. M. Kennon.

*Eugene Williams,* for appellant.

*Dibrell & Mosheim,* for appellee.

JAMES, CHIEF JUSTICE.—As it is claimed that the petition in this case shows no case against appellant, and will not support the judgment, we will give the substantial allegations:

It alleged that one Bartholomae was defendant's foreman in charge of and directing the construction of a wooden structure or tower, with power to employ and discharge employes engaged in such work. That plaintiff was employed by defendant and directed to obey the commands of said foreman. That on September 2, 1900, Bartholomae directed plaintiff to go under said tower and tear down some scaffolding that had been erected under the tower, and to draw up material to such hands as were working on top of the tower; and directed one Kowatzeck to go upon the tower to work on some braces there. That Kowatzeck was unskillful and negligent, which fact was known to defendant at the time of his employment; that defendant was negligent in selecting and in employing him, and was also negligent in not having constructed a shelter above the heads of those working below so that falling timbers would not strike them, etc.; that the foreman was present and knew all that was going on, and knew that Kowatzeck and others were above plaintiff sawing off timbers and suffering same to fall to the ground; that from the top of the tower the hands could easily see plaintiff, and by any sort of diligence could have notified him that said piece of timber was going to fall, and if plaintiff had been notified he could have escaped injury. That both the foreman and Kowatzeck were negligent in the performance of their duties and in the construction of the tower. That Kowatzeck, acting under the direction of said foreman, sawed off a piece of scantling and suffered it to fall from the top of the tower to the bottom upon the head of plaintiff, injuring him (alleging the particular injuries sustained), while plaintiff was pursuing his work as directed, and was not suspecting that Kowatzeck was an unskilled and negligent workman, and not suspecting that timbers would be allowed to fall without at least some warning given him.

The fifth assignment raises this question by the following proposition: "As appellee seeks to recover on the ground of defendant's alleged negligence, first, in employing Kowatzeck as appellee's fellow servant, and second, in failing to provide him with a safe place to work, and since it appears from the petition that appellee was informed before his injury of Kowatzeck's negligent character and yet continued his work, the petition shows no cause of action." This is founded upon a construction of the petition which it will not bear. There is this allegation in the petition: "That defendant's said agent was present and knew that said workmen were above plaintiff and sawing off timbers and suffering them to fall to the ground." This does not necessarily mean that timbers had previously been allowed to fall, and taken with other allegations it can not be a statement that such was the fact. The petition alleged also that plaintiff "had a right to believe that there was no danger in performing the work assigned to him, and he did not suspect

that any workman would be directed to saw off timbers above and suffer them to fall upon his head without warning." In another place in the petition he alleges that "he was performing the work assigned to him, and not suspecting that Kowatzeck was a negligent workman, and not suspecting that any person at the top of the tower would saw off timbers and permit the same to fall down upon plaintiff without at least giving him some warning of the approaching danger, plaintiff pursued his work," etc. In view of all that is stated in the petition, it would not be proper to construe it as alleging that other timbers had been previously suffered to fall.

A number of assignments question the judgment as contrary to the evidence. These are the second, third, and fourth. Under one it is asserted that it appears from the evidence that the danger was as apparent to the servant as to the master; under another, that the evidence shows that this was an assumed risk; and under the other that the injury was caused by the act of a fellow servant; that the evidence shows that Bartholomae was assisting in the work on top of the tower, and while so doing and for the time being he was acting as a fellow-servant, and not as vice-principal, and his negligence would not render defendant liable; and that the evidence failed to show that appellant knew or had reason to believe that Kowatzeck was a negligent workman prior to this injury. As these propositions proceed on the testimony, we will here state its substance:

The fact that Bartholomae was in charge of the work and employed as vice-principal was shown. The nature of the structure and surroundings was substantially as alleged in the petition. Plaintiff testified that he was put to work by the foreman to tear down the scaffolding and to pull up by rope timbers as they might be needed on the tower. The timbers they were sawing were 7x8 and 10 or 12 feet long. At that time nobody was on the tower, but soon after the foreman directed Kowatzeck to go with him upon the tower and place there some braces. They were up there working some time, sawing and fitting braces. Kowatzeck sawed off the end of a timber weighing about fifteen pounds which fell and struck plaintiff on the head, knocking him unconscious. He did not know how long he remained so. He was not quite 21, and had not had very much experience at the time. He was not much acquainted with Kowatzeck, had never worked with him before, and did not know anything about him as a workman. He did not suppose he or anyone else would saw off a piece of timber on his head. At the time the timber was sawed off no warning was given by anyone. Bartholomae was up on the tower with Kowatzeck and directing what to do. No one was holding the timber for Kowatzeck and he did not have it tied with a rope, but sawed the timber off and suffered it to fall on his head. There was no scaffolding above him, but the hands were standing around the timbers. He could not perform the work that had been assigned him and watch the hand above. There was nothing to obstruct the view.

R. W. Smith, plaintiff's father, testified in substance: He was acquainted with Bartholomae and Kowatzeck. They have worked together for a long time. Kowatzeck was a very careless and reckless workman, and the fact is notorious. He knew Kowatzeck well and had worked with him for a long time. He (witness) had been working with Bartholomae some time before plaintiff went to work, but was not working there at the time. He had liberated his son long before he was hurt, and he had no interest in his time and earnings. Bartholomae was the boss for defendant and was clothed with authority to employ and discharge hands, and had the general supervision of the works and the hands working under him. The piece of timber that struck plaintiff was not seen by witness, and he was told when he went to the place that it had been burned up. At that time it seems his son had not recovered consciousness.

It does not unmistakably appear from this testimony that the danger was an apparent one. Although the view was unobstructed, and plaintiff might have watched the proceedings above him, it does not appear that he was doing so. He said he was under the tower working and could not perform his work and watch the hands above. Stress is also laid by appellant on the facts that plaintiff testified that the dimensions of the timber were 2x8 and 10 or 12 feet long; that they were of green lumber, and the end sawed off which fell upon him weighed about fifteen pounds; that they were fitting the braces and had not sawed them the right length before going up; that he heard them sawing; also the fact that plaintiff could not have learned the size and weight of the piece by seeing it afterwards, as the evidence showed it had been burned before he regained consciousness; that no one was holding the timber of Kowatzeck, who was sawing it, and that it was not tied with a rope. It does not necessarily appear that all these facts became known to plaintiff by watching the work going on above him. His testimony is that he was not doing so. If, however, he had known by observation that Kowatzeck was sawing this particular timber, and had not secured it with a rope, and of the sizes of the timbers, the question of negligence on his part would still remain an open one, because an ordinarily careful person might not have foreseen that such an act of negligence would have occurred as that of allowing the piece to drop down where he was working. Evidently he had raised these timbers and knew the sizes and weight. He may also have noticed the dimensions of what was being sawed off,—still it would not conclusively appear that he was guilty of contributory negligence, nor that the danger was such that he must have realized and assumed it.

The contention that under the evidence the act was that of a fellow-servant is not sustained. In the first place it does not appear that the foreman was engaged in sawing timbers. The testimony is that he was up there directing the work, and failed to warn plaintiff. This direction was manifestly a part of his duties as foreman, and his negligence as foreman and that of Kowatzeck concurred. The facts here are dif-

ferent from those in Railway v. Schwabbe, 1 Texas Civil Appeals, 579, and the idea there advanced is not applicable. As to the testimony touching knowledge of the incompetency of Kowatzeck at the time, not showing that such fact was then known to Bartholomae, it seems to us that the evidence is sufficient to establish this, but if not, the concurring negligence of the vice-principal eliminates the question.

We conclude the evidence was not such as affirmatively required a judgment for defendant.

No charges were requested by defendant. The fact it seems is that the trial took place in the absence of defendant. The court submitted the case in general terms on defendant's negligence as charged. A submission of the issue of injury by fellow-servant would have been inadmissible under the testimony. The judgment should not be reversed for failure to submit the issues of assumed risk and contributory negligence, there being no request for that purpose. Nor for the failure of the court to define negligence. Warder v. Henry, 23 S. W. Rep., 780. Nor for failing to charge the negative of his charge that unless the evidence showed that defendant was negligent to find for defendant, there being no request therefor. Nor because the verdict was for "plainiff" instead of plaintiff.

The judgment is affirmed.

*Affirmed.*