## GULF, C. & S. F. RY. CO. v. HALL.
### (No. 8599.)

(Court of Civil Appeals of Texas. Ft. Worth. April 14, 1917. Rehearing Denied May 19, 1917.)

1. MASTER AND SERVANT ☞279(4) — ACTION FOR INJURIES — FEDERAL EMPLOYERS' LIABILITY ACT—SUFFICIENCY OF EVIDENCE—PROXIMATE CAUSE.

In a railroad car carpenter apprentice's action for injuries, in which both parties invoked the provisions of the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1916, §§ 8657-8665]), evidence held to support a finding that the negligence of a fellow servant was the proximate cause of plaintiff's injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 978.]

2. MASTER AND SERVANT ☞289(1, 39) — ACTION FOR INJURIES — SUFFICIENCY OF EVIDENCE—FEDERAL EMPLOYERS' LIABILITY ACT —CONTRIBUTORY NEGLIGENCE.

Evidence held not to conclusively establish that plaintiff was guilty of contributory negligence, or that such negligence was the sole cause of his injuries.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1131.]

3. MASTER AND SERVANT ☞204(3)—INJURIES TO SERVANT—FEDERAL EMPLOYERS' LIABILITY ACT—ASSUMPTION OF RISK.

Plaintiff cannot be held to have assumed the risk if his injury proximately resulted from the negligence of a fellow servant, in the absence of prior knowledge by plaintiff of such negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 546.]

4. TRIAL ☞256(10) — INSTRUCTIONS — OMISSION—NECESSITY OF REQUEST.

Where the jury were instructed that if they did not find that plaintiff was injured as the proximate result of the alleged negligence of a fellow servant, verdict should be for defendant, but were not instructed specifically on the defense of assumed risk, defendant is not in a position to complain of such omission in the absence of a request for a special instruction covering the issue.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 637.]

5. MASTER AND SERVANT ☞287(4)—INJURIES TO SERVANT—FEDERAL EMPLOYERS' LIABILITY ACT—SUFFICIENCY OF EVIDENCE.

Evidence held not to show conclusively as a matter of law that the fellow servant in the exercise of ordinary care reasonably could not have foreseen that an injury of the character suffered by plaintiff might probably result in consequence of his act in boring a hole in floor of car upon which plaintiff was sitting in question without first giving plaintiff warning of his intention so to do.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1045, 1060.]

Appeal from District Court, Johnson County; O. L. Lockett, Judge.

Suit by W. W. Hall against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Lee, Lomax & Smith, of Ft. Worth, and Brown & Lockett, of Cleburne, for appellant. Warren & Kugle and W. E. Myers, all of Cleburne, for appellee.

DUNKLIN, J. The Gulf, Colorado & Santa Fé Railway Company has appealed from a judgment rendered against it in favor of W. W. Hall, for damages for personal injuries sustained by him while engaged in the service of the company as a car repairer and alleged to have resulted from the negligence of L. Spivey, another employé of defendant.

Plaintiff, a young man who had been employed by the company as a car carpenter apprentice, was directed by the defendant's foreman to assist Spivey and other employés

in doing some repair work on a box car. Two broken sills under the car were to be spliced by other timbers. The splices were placed by the sides of the sills and fastened to the floor of the car by bolts inserted through holes bored through the splices and floor, the bolts being inserted from below and the other end secured by a bolt head or tap screwed thereon. When the holes were bored it was the plaintiff's duty to go inside the car and "gain" or ream out the holes for the bolt heads. This work consisted in cutting out the wood around the surface of the hole for such a width and depth that the bolt head when screwed on the end of the bolt would be on a level with the floor of the car; and the tools used by plaintiff were a chisel and hammer. The drill used to bore the holes was driven by an air motor which ran at high speed and could be started or stopped by means of a set screw in the hands of the operator of the drill. The splices used were about 8 inches thick. Plaintiff was under the car when the holes were bored in the first sill. He then went into the car and began to "gain" out those holes for the bolt heads leaving Spivey, who had been assisting in manipulating the drill, under the car. In doing this work he sat down on the floor of the car directly over the other sill which was to be spliced, and while in that position the drill which was put to work on that sill by Spivey penetrated the floor where plaintiff sat and injured him seriously. The distance between the centers of the two sills was about 18 inches. In his petition he charged that Spivey was guilty of negligence in failing to give him prior notice of his intention to drill the particular hole, the drilling of which resulted in his injury, and that such negligence was the proximate cause of the injury.

In addition to the general issue the defendant urged the defenses of assumed risk and contributory negligence on the part of plaintiff. Both parties pleaded that at the time of his injury plaintiff was engaged in a service pertaining to interstate commerce, and invoked the provisions of the federal Employers' Liability Statute as controlling. According to his testimony plaintiff had been employed by defendant company in different kinds of work for two years and eight months. At the time of the accident he had served as a car carpenter apprentice three months. He was serving in that capacity when he was injured, but prior to his injury he had assisted in repairing only three sills. He testified that after he and Spivey had finished boring the holes for the first sill and while other workmen were shaping the splices for the other sill he told Spivey he would go into the car and "gain" out the holes already bored for the first sill; that he sat down on the floor because that was the best position to do the work; that he had finished two holes and was working on the third when the accident happened. He

further testified that the air motor was not in operation at the time he went into the car to ream out the holes, and that the first intimation he had that other holes were being bored was when the bit caught his overalls worn by him when he was injured. Several witnesses testified without contradiction that the usual and customary position assumed by those engaged in "gaining" the holes was to kneel on the floor or to stoop down; that it was not customary for those operating the drill to notify one engaged in reaming out the holes of their intention to start the drill; and that plaintiff could have done the work without placing any part of his body over the sill that was being bored when he was injured.

[1] We are of opinion, however, that plaintiff's testimony considered in connection with other circumstances related above supports the finding by the jury of the alleged negligence of Spivey, and that such negligence was the proximate cause of the injury.

[2] The verdict of the jury was in response to a general charge, and not in answer to special issues. In the charge submitted the issue of plaintiff's negligence was presented, and the jury was told in effect that such negligence on his part would diminish his damages, if any he was allowed, in proportion to the amount of negligence attributed to him. The jury returned a general verdict in plaintiff's favor for $750. In view of the evidence as to the character of his injuries it is impossible to determine whether or not the jury found in favor of the defense of contributory negligence, and by reason of that finding reduced the amount of damages which otherwise would have been awarded. But aside from that observation, we are unable to say, as insisted by appellant, that the evidence conclusively established contributory negligence on the part of plaintiff, and that such negligence was the sole cause of his injury.

[3] Citation of authorities is unnecessary to support our further conclusion that plaintiff cannot be held to have assumed the risk of his injury if the same resulted from the negligence upon which the verdict and judgment were predicated, in the absence of prior knowledge by plaintiff of such negligence.

[4] The jury were instructed that if they did not find that plaintiff was injured as the proximate result of the alleged negligence of Spivey, a verdict should be returned in defendant's favor, but did not charge specifically on the defense of assumed risk. For this omission defendant excepted to the charge, but did not present a special instruction covering that issue. In the absence of such a request it is in no position to complain of such omission. American Cotton Co. v. Smith, 69 S. W. 443. Furthermore, the complaint of such omission is predicated upon the theory that Spivey was not guilty of the negligence submitted in the charge as a basis for recovery, and that the injury was due to

one of the risks ordinarily incident to plain-tiff's employment and which was known to him.

[5] In the light of all the facts and circumstances including plaintiff's limited experience in such work we are of opinion, further, that the evidence did not show conclusively as a matter of law that Spivey in the exercise of ordinary care reasonably could not have foreseen that an injury of the character suffered by plaintiff might probably result in consequence of his act in boring the hole in question without first giving plaintiff warning of his intention so to do.

For the reasons indicated, all assignments of error are overruled, and the judgment is affirmed.