## MOTHER MARY ANGELA v. BATTLE.
### (No. 8685.)

(Court of Civil Appeals of Texas. Ft. Worth. June 18, 1917. On Motion for Rehearing, Oct. 20, 1917.)

1. APPEAL AND ERROR ⊜⟶907(3) — PRESUMPTIONS FAVORING JUDGMENT FOR PLAINTIFF BELOW—ABSENCE OF STATEMENT OF FACTS.

In the absence of statement of facts, the presumption must be indulged that evidence was introduced sufficient to support all the material allegations of plaintiff's petition; plaintiff having secured judgment.

2. HUSBAND AND WIFE ⊜⟶272(5)—PARTITION OF COMMUNITY ESTATE—EFFECT.

Where realty was acquired by husband and wife during their marriage while living together as such, and they occupied it as their homestead, and the husband left the wife with intention to abandon her, and thereafter refused to live with her, or contribute to her support, having sold personal property belonging to the community estate, realizing a sum, which he appropriated to his own use as his share of the community estate, delivering to the wife the realty as her share thereof, and thereafter the husband never claimed any interest in the realty, which was worth less than the sum he realized as his share of the community estate, the partition of the community estate having been fair and equitable, and the wife having continued to occupy the realty as her homestead, and to claim it as her separate property, the wife owned the equitable title to the realty to the exclusion of any interest therein by her husband, whose attempt to will such realty did not affect her title.

### On Motion for Rehearing.

3. QUIETING TITLE ⊜⟶44(4)—PLEA IN ABATEMENT—SUFFICIENCY OF FACTS TO SUSTAIN.

In a wife's suit to quiet title against the mother superior of a convent, who claimed that plaintiff's husband had willed the property to the convent, the facts recited in the bill of exception with reference to the will that defendant introduced in evidence the last will of the husband, with the probate, showing the appointment of an independent executor, were insufficient to sustain plea in abatement alleging that by the will the property was devised to the convent or its academy.

Error from District Court, Denton County; C. F. Spencer, Judge.

Suit by Martha Battle against Mother Mary Angela, Mother Superior of the Ursuline Convent of Dallas, Tex. To review a judgment for plaintiff, defendant brings error. Judgment affirmed.

Geo. T. Burgess and J. L. Zumwalt, both of Dallas, for plaintiff in error. F. F. Hill, S. M. Bradley, and Luther Hoffman, all of Denton, for defendant in error.

DUNKLIN, J. Mrs. Martha Battle, surviving wife of J. M. Battle, deceased, instituted this suit against Mother Mary Angela, Mother Superior of the Ursuline Convent of Dallas, to quiet title to a tract of 38¾ acres of land situated in Denton county; plaintiff alleging in her petition that the defendant was setting up some sort of fraudulent claim of title to the land which created a cloud upon plaintiff's title, and which plaintiff desired to have removed. A judgment was rendered in plaintiff's favor, from which the defendant has prosecuted this writ of error.

[1] The record contains no statement of facts, and in the absence of which the presumption must be indulged that evidence was introduced sufficient to support all the material allegations contained in plaintiff's petition.

The defendant in the court below filed a plea alleging that J. M. Battle by his last will and testament bequeathed to the defendant for the benefit of the Ursuline Convent of Dallas all of his interest in the property in controversy, which was alleged

to be a fee-simple title thereto, and that the convent and Frank Belkin, the executor named in the will, were necessary parties to the present suit, and complaint is made of the action of the trial court in overruling that plea. It is also insisted that the allegations in plaintiff's petition do not show that she owned the fee-simple title to the property, but, on the contrary, they show that the property was the community property of plaintiff and J. M. Battle at the date of the latter's death, and that therefore plaintiff is only entitled to recover a one-half interest therein in any event.

In the absence of a statement of facts it does not appear that the defendant in the trial court offered any proof to sustain the allegations that J. M. Battle in fact made such a will as is alleged. On the contrary, we would be authorized to presume that no such proof was offered if such a presumption was necessary to sustain the judgment. Hence, in the absence of such proof, it does not appear that the court erred in overruling the plea.

In plaintiff's petition it was alleged that the property in controversy was acquired by herself and husband during their marriage, and while they lived together as husband and wife, and that the same was used and occupied by them as their homestead. It was further alleged that her husband voluntarily left her with the intention of abandoning her, and ever thereafter refused to live with her, or to contribute anything towards her maintenance and support; that at or about the time he abandoned her he sold certain personal property belonging to the community estate of herself and her husband, realizing therefrom the sum of $935, which he appropriated to his own use and benefit as his share of the community estate, and delivered to plaintiff the property in controversy as her part and share of said community estate. It was further alleged that after said abandonment J. M. Battle never asserted or claimed any interest in the property in controversy; that the property in controversy was worth only $600, and that the partition of the community estate so made by J. M. Battle was a fair and equitable one, and plaintiff ever since such abandonment had continued to occupy the property in controversy as her homestead and to claim the same as her own separate property.

[2] If the allegations noted were sustained by proof, and we must presume that they were, plaintiff owned an equitable title to the property in controversy to the exclusion of any interest therein by her husband, and therefore, even if he made such a will as was pleaded by the defendant, it could not operate to affect plaintiff's said title.

Another assignment complains of the action of the court in overruling the defend-

ant's motion for a continuance, but in the absence of a statement of facts it does not appear that there was any error in that ruling. In fact, the statement in appellant's brief following the assignment of error to that ruling does not point out any facts to show that the error, if any there was, in that ruling, was prejudicial to the defendant.

For the reasons indicated, all assignments of error are overruled, and the judgment is affirmed.

### On Motion for Rehearing.

[3] Even though it should be held, as plaintiff in error insists, but which it is unnecessary to determine, that under rule 55 (142 S. W. xxi) the evidence introduced in support of the plea in abatement for lack of necessary parties has its proper place in the bill of exception to the action of the court in overruling said plea, rather than in a statement of facts, yet the facts recited in the bill of exception are insufficient to sustain the plea. The only recital in the bill with reference to the will of J. M. Battle is that:

"The defendant introduced in evidence the last will and testament of J. M. Battle, with the probate thereof showing the appointment of the said Frank Belkin as independent, executor of the estate of J. M. Battle, deceased, under said will."

There is an utter absence of any showing that by the terms of the will the property in controversy was devised to the Ursuline Academy, as alleged in the plea in abatement, and which allegation constituted the very essence of the plea.

Plaintiff in error's motion for rehearing is overruled.