THOMAS C. CRAIG v. MARY J. CRAIG.

The divorce having been granted on the part of the wife, the court decreed one-half of the community property to the wife, including the homestead, and the other half to their only child. This was error. Whether the husband could thus be divested of all title in the community property or not, it was error to deprive him of all interest in the community property. (Paschal's Dig., Art. 3451, Note 801.)

ERROR from Panola. The case was tried before Hon. M. D. ECTOR, one of the district judges.

The facts are sufficiently stated in the opinion of the court.

*Drury Field*, for plaintiff in error.

*W. R. Poag*, for defendant in error.

MORRILL, C. J.—The petition charges cruel treatment, &c.; alleges the parties to be the father and mother of one child, and the plaintiff to be the mother of two children by a former marriage; that the community property consists of eight hundred and thirteen acres of land purchased of S. Holland, jr., and S. Holland, sr., on the 23d June, 1856, which is the homestead.

The jury found that the parties were married 24th January, 1856; that the husband cursed the wife, drew his knife and in anger cut at her, cut her handkerchief around her neck; that he left her, with intention of abandonment,

on the 19th January, 1861, without any fault on the part of the wife; that the parties have one child, named David Craig, about eight years old in 1866; that the community property consisted of eight hundred and thirteen acres of land, and that the wife has no separate property.

The district court granted and decreed the divorce; decreed the care, custody, and maintenance of the minor, David Craig, to the mother; appointed a commission to divide the land in two equal moieties, having due regard to quantity and quality, granting that portion of the land containing the houses to the wife, and the other portion to be the property of the minor.

The plaintiff in error, Thomas, assigns as error the illegality of the decree, divesting him of the title to real estate contrary to the provisions of article 3452 of Paschal's Digest. Whether the proviso in this article had reference to such real estate as either party might have had before marriage only, or to community property also, does not seem to have been definitely settled by this court. But we consider that the facts in this case did not justify the court in decreeing that the plaintiff should be divested of all his property. The court very properly decreed that the homestead portion of the eight hundred and thirteen acres should be the property of the defendant, Mary, and, as the remainder is supposed to be wild land, it would be of no use to a child of eight years of age unless it were sold and the proceeds applied to his support. Taking into consideration the financial situation of the country and the superabundance of wild land, we believe it would be very injudicious to authorize a sale, and, besides, we believe that it would be unjust to divest the plaintiff of his portion of the land.

The judgment of the court will be reversed and reformed, affirming the same so far as relates to the divorce, the custody of the child, and the division of the land, and so far as it divests the plaintiff in error of a moiety of the eight

hundred and thirteen acres of land is reversed.  Judgment reversed, and

REFORMED ACCORDINGLY.