## J. C. Long v. M. E. Long.

Decided June 13, 1902.

**1.—Judgment—Pleading Requisite.**

In an action for divorce and to adjudicate property rights, a judgment against the defendant for an item of money loaned him by plaintiff can not be sustained where there is no allegation of a liability of that sort and nothing in the pleadings to support that feature of the judgment.

**2.—Divorce—Divesting Title to Real Estate.**

Under the terms of the statute the court has not the power, in an action for divorce, to divest either party of the title to community real estate, but it may decree to the complainant an undivided one-half interest in fee and the use of the entire property for life. Rev. Stats., art. 2980.

Appeal from Smith. Tried below before Hon. J. G. Russell.

*Butler, Lasseter & Butler,* for appellant.

*J. M. Logan* and *F. J. McCord,* for appellee.

GILL, Associate Justice.—This is a suit for divorce with prayer on the part of plaintiff for the custody of a child and for the adjustment of property rights. It was brought by M. E. Long against J. C. Long, her husband, and a trial before the court without a jury resulted in a judgment for plaintiff for divorce, custody of the only child of the marriage, and all the community property was awarded absolutely to the wife. From this judgment the defendant has appealed and assigns errors. Mariah Earthman, the mother of plaintiff, intervened, but the court adjudged that she take nothing by her intervention, and she has not appealed.

There is no statement of facts in the record. The facts found by the trial court and his conclusions of law are as follows:

"1. The court finds that the allegations of cruel treatment of the plaintiff (as set out in the petition of the plaintiff) by the defendant have been sustained by the evidence. That the defendant has struck, choked, and assaulted the plaintiff, as claimed in the petition, and has cursed and abused her, and that the nature of said treatment is such as to imperil the health and safety of plaintiff.

"2. The court finds that the parties have one child about five years old, a girl, and that plaintiff is in every way qualified and able to support and care for said child.

"3. On the day ———, 1897, the intervener, Mariah Earthman, made a verbal gift of the lot of land known as the Mariah Earthman lot to the plaintiff and defendant. The donees went into immediate possession of said land at the request of said Mariah Earthman, and upon the faith of said gift made permanent and valuable improvements upon said land, many times exceeding its value, with knowledge and approval of said Mariah Earthman.

"4. The house and lot known as the Ferrill place was bought by defendant before his marriage and is his separate property.

"5. All the balance of the property except the Ferrill place is community property.

"6. The defendant is a vigorous, stout young man, of good earning capacity. He gets a salary of about $50 per month, and owns in his separate right the house and lot known as the Ferrill place, which is almost equal in value to the whole of the community property. The plaintiff's means of support for herself and child is the evocation of school teacher.

"7. The plaintiff before and after the marriage loaned the defendant $98.

"8. The Mariah Earthman lot is worth about $6000. The Ferril lot about $550. The personal property about $150.

"Conclusions of Law.—1. The treatment of plaintiff by defendant is of sufficient nature to authorize and require the court to grant her a divorce.

"2. The title of the Mariah Earthman lot passed by her parol gift.

"3. The custody of the child should be awarded to the plaintiff, but the defendant should be permitted to visit at all reasonable times.

"4. The defendant is entitled to recover the Ferrill place, it being his separate property.

"5. The plaintiff should have judgment against defendant for $95.

"6. The court should in the exercise of its equitable powers give all the community property, both real and personal, to the plaintiff, it being necessary to provide her a home and something wherewith to furnish it. Therefore judgment is directed to be entered in accordance with these findings and conclusions."

The assignment assailing the judgment for divorce do not require

extended notice. They are of such a nature as necessarily to be without merit in the absence of a statement of facts.

The second assignment, under which the part of the judgment in favor of plaintiff for the sum of $95 ·is assailed, must be sustained. There is no allegation of a liability of that nature and nothing in the pleadings to support that feature of the judgment. Bohan v. Bohan, 56 S. W. Rep., 959.

Under the third assignment the defendant complains of the judgment awarding to plaintiff all the community property both real and personal. We think this assignment should also be sustained. Article 2980 of the Revised Statutes provides: "The court pronouncing the decree of divorce from the bonds of matrimony shall also decree and order a division of the estate of the parties in such a way as to the court shall seem just and right, having due regard to the rights of each party and their children, if any; provided, however, that nothing herein contained shall be construed to compel either party to divest himself or herself of the title to real estate."

The judgment of the court in the respect complained of clearly contravenes the provisions of the article quoted, for the judgment specifically divests the defendant of his entire interest in the community real estate and vests the entire title thereto in the plaintiff. The effect of the limitation on the power of the court in divorce proceedings to divest title to real estate and the power conferred to equitably divide the estate of the parties has not been distinctly settled by the decisions, and we find them in some conflict and confusion.

In Rice v. Rice, 21 Texas, 68, it is said the discretion vested in the courts with reference to the division of the estate is broad and ample. In that case the income of the entire estate was adjudged to the wife for the support of herself and children.

In Simon v. Simon, 23 Texas, 344, the wife was given half the community estate with lien on the husband's interest to secure her against outstanding community debts. But Justice Bell in delivering the opinion stated it was impossible to prescribe a rule applicable to all cases.

In Trimble v. Trimble, 15 Texas, 18, the community estate was unequally divided, but the judgment was affirmed.

Mr. Speer, in his work on the Laws of Married Women, expresses the view that the restriction in the article on the power of the court to divest title to treal estate can apply only to separate property, as the article expressly empowers the court to divide the estate, which in effect empowers it to vest in each party to the exclusion of the other the title to the part set aside to each. Sec. 356.

The courts, however, do not seem to have taken this view, for parol partition of lands have been invariably upheld, notwithstanding the requirement that conveyances of real estate must be in writing. Such a partition is not in a strict sense a conveyance of land, but a division of lands the title to which is jointly in both.

In Stone v. Stone, 41 Southwestern Reporter, 1022, a divorce proceed-

ing, the strict rule of partition seems to have been applied, and the judgment of the trial court was reversed because the partition was not equal.

The case of Tiernan v. Tiernan, 34 Texas, 523, is exactly in point, the property involved being a homestead, and the custody of the one child of the marriage being awarded to the wife. The homestead was adjudged to the wife absolutely. The Supreme Court reformed the judgment, holding that the trial court had the power to do no more than decree to her a life interest therein, and such an estate was awarded her on appeal.

We are content to follow the case last cited. The judgment of the trial court is therefore reformed in so far as it affects the community realty, and to the wife is adjudged an undivided half interest in fee simple and the use of the entire property for life. To the defendant is adjudged the remaining half in fee subject to the use above imposed. So much of the decree as gives plaintiff judgment against defendant for $95 and a lien on the separate estate of the husband to secure its payment is reversed and judgment here rendered that she take nothing in that respect. The record does not sufficiently disclos the status of the parties as to the community personalty to authorize this court to disturb that feature of the judgment.

The judgment for divorce, awarding the custody of the child and the personalty to the plaintiff is affirmed.

*Reformed and affirmed.*