## WADE v. WADE. (No. 5510.)

(Court of Civil Appeals of Texas. Austin.
Oct. 20, 1915. Rehearing Denied
Nov. 24, 1915.)

1. DIVORCE &=161 — JUDGMENT—VACATION—
MOTION — SHOWING OF MERITORIOUS DE-
FENSE.

Before a judgment against defendant in a divorce action on two grounds, entered after his appearance on the appearance day, but in the absence of his counsel, would be set aside, he must allege and show a meritorious defense to the cause of action, setting up the facts upon which each defense is based; and the setting up of the facts upon which only one of the defenses is based is insufficient, and defendant must show that a different result would be reached upon another trial.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 522–526; Dec. Dig. &=162.]

2. DIVORCE &=249—COMMUNITY PROPERTY—
DECREE TO WIFE FOR LIFE—STATUTE.

Under Rev. St. 1911, art. 4634, permitting the court to decree such division of the community estate between the spouses as shall seem just, having due regard to the rights of each and of their children, the court, in a wife's action for divorce, on the ground of abandonment of herself and daughter, had the right to decree the use and benefit of the homestead to her for life as the head of the family; such decree not divesting the defendant of his title thereto.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 701–705, 707, 709, 712; Dec. Dig. &=249.]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action for divorce by Mrs. Cora Wade against W. T. Wade. Judgment for plaintiff, motion for new trial denied, and defendant appeals. Affirmed.

R. M. Vaughan and Morrow & Morrow, all of Hillsboro, for appellant. Wear & Frazier, of Hillsboro, for appellee.

RICE, J. This suit was brought by the appellee against appellant for divorce and for a division of their community property, upon the ground of abandonment and adultery; and, though filed in time for the July term, 1914, of the district court, it went over for lack of service in time, until the succeeding September-October term of said court, to perfect same, when it was tried and judgment rendered for appellee, granting her divorce and awarding to her the exclusive use and benefit of the community homestead during her natural life, or as long as she might see fit to use same, from which judgment appellant has prosecuted this appeal, seeking a reversal alone on the ground that the court erred in trying the case in the absence of himself and his counsel. A motion for new trial was filed in behalf of appellant, alleging that his counsel, who had been employed at the July term, was present in court on September 8th, appearance day, and remained until after the call of the docket, when he left the courtroom under the belief that the case would not be called until the week beginning the 5th of October, his attention having been called by the clerk to the fact that this case, amongst others, was set for that time, for which reason he did not file an answer and was not present when the case was tried, expecting to do so before it was called on the day set; that one of his counsel was ill during the entire term of court, and the other was a member of the state Legislature, which was in session during most of said term; that he and his counsel appeared on the 5th of October, for the purpose of trying said case, when it was ascertained that the same had been previously tried and disposed of in their absence, as above set forth. He further alleged generally that he had a good and meritorious defense to plaintiff's cause of action, and would have urged the same but for the reasons stated, failing, however, to allege the facts and circumstances constituting such defense, except so far as related to the charge of abandonment, no defense whatever being set up as to the charge of adultery. The judgment for divorce was predicated upon both grounds. Appellee showed that it was the uniform custom on the part of the court and attorneys practicing at said bar to call up and dispose of appearance cases, including divorce cases, in which no answer had been filed, on appearance day of the term, and that this case had been called and disposed of in open court by a regular trial in accordance with said custom, without knowledge of the fact that said counsel was representing appellant, and without any purpose to take advantage of appellant or his counsel. Appellant's motion for new trial being overruled, he appeals and seeks a reversal on the ground that the court abused its discretion in failing and refusing to grant said motion.

[1] Before a judgment rendered under such circumstances should be set aside, the defendant must allege and show that he had a meritorious defense to plaintiff's cause of action, setting up the facts upon which such defense is based. Merely alleging generally that he had a meritorious defense, and setting up the facts upon which only one of such defenses is based, is not sufficient; but the facts upon which he relies to establish each defense must be set forth, and it must appear therefrom that a different result would be reached upon another trial. Holliday v. Holliday, 72 Tex. 585, 10 S. W. 690; Kruegel v. Bolanz, 103 S. W. 435; Bartlett v. Jones & Co., 103 S. W. 705; El Paso & S. W. Ry. Co. v. Kelly, 83 S. W. 855; Keller v. Keller, 141 S. W. 581; Stringer v. Robertson, 140 S. W. 502.

[2] Again, it is urged that the court erred in awarding appellee the use and benefit of the homestead during her natural life, appellant contending that he was thereby divested of his interest therein and title thereto. The judgment of the court found

that appellant, a short while before abandoning his wife, had sold a livery stable belonging to the community and converted the proceeds thereof to his own use and benefit, without the consent of his wife, leaving her and her daughter, Eddie, without means of support and maintenance, and awarded her the use and benefit of the homestead, as the head of the family. Appellant admits that while under article 4634, R. S. 1911, the court has the right to decree such division of the community estate between the spouses as to it shall seem just and right, having due regard for the rights of each and their children, yet this statute forbids the divesting of either party of their title to real estate, which he contends was done in the instant case. The granting, however, to appellee, as done in this case, of the use of the homestead during her natural life is not, we think, equivalent to divesting appellant of his title thereto. See Tiemann v. Tiemann, 34 Tex. 523; Long v. Long, 29 Tex. Civ. App. 536, 69 S. W. 428; Kirkwood v. Domnau, 80 Tex. 645, 16 S. W. 428, 26 Am. St. Rep. 770; Holland v. Zilliox, 38 Tex. Civ. App. 416, 86 S. W. 36. It has been expressly held by the above cases that the court, in divorce cases, has the right to decree the use and benefit of the homestead to the wife during her lifetime.

Believing that the court did not err in refusing to grant a new trial, its judgment is in all things affirmed.

Affirmed.