## REASONOVER v. REASONOVER.

### No. 8552.

Court of Civil Appeals of Texas. San Antonio.

April 26, 1933.

A. B. Crane, of Raymondville, for appellant.

W. H. Crowell, of Shelbyville, Tenn., and Jesse G. Foster, of Raymondville, for appellee.

SMITH, Justice.

The appeal is from a judgment of divorce and adjustment of property rights between Edna Reasonover and B. L. Reasonover. The latter has prosecuted the appeal. No complaint is made of the divorce decree; that does not seem to matter. But the property division has evoked a bitter contest. The couple had been married ten years. They had and have no children.

The trial court awarded to the wife all the household effects, as well as other property, including the community homestead, the title to which in toto was specifically divested out of appellant and absolutely into appellee in fee simple. The result was that nearly all the community estate was awarded to the wife, free of incumbrance, while only a small portion was awarded to appellant, and that was so incumbered as to render it of but little net value. In addition appellant was penalized for a $250 fee to be paid appellee's counsel.

Appellant raised the question of the jurisdiction of the trial court to hear and determine this cause. The question was certified to the Supreme Court and by that court answered adversely to appellant on March 22, 1933, B. L. Reasonover v. Edna Reasonover, 58 S.W.(2d) 817.

The record shows that both parties, from the time of their marriage, worked, separately or together, in accumulating the community estate, and at the time of the trial each was employed and was maintaining herself and himself. Both are healthy and unincumbered, equally able to take care of themselves, and, while the trial court was not required to divide the estate equally between the two, the record does not seem to present any reason for the apparently harsh discrimination in favor of appellee against appellant in apportioning the community estate. Neither party seemed to possess any separate estate.

Appellant's second proposition must be sustained to the effect that the court exceeded its power in divesting appellant of title to his estate in the homestead and investing the whole title thereto in appellee. Under a proper state of facts the court would have the power to decree the use of the homestead, or even a life estate therein, in appellee, or

to order its partition, or its sale and a division of the proceeds. But it had not the power to divest appellant of his title in community realty, to wit, the homestead, in this case. 15 Tex. Jur. p. 584, § 108; Speer's Law of Marital Rights, § 555; article 4638, R. S. 1925; Tiemann v. Tiemann, 34 Tex. 523; Long v. Long, 29 Tex. Civ. App. 536, 69 S. W. 428.

Other questions are sought to be raised in the case, but they are not likely to arise upon another trial, and therefore need not be discussed here. ·

The decree of divorce will be affirmed, but in all other respects the judgment will be reversed and the cause remanded, at the cost of appellee.

Affirmed in part; reversed and remanded in part.