### AUCUTT v. AUCUTT et al.

### No. 3709.

Court of Civil Appeals of Texas. Amarillo.

Sept. 6, 1933.

Rehearing Denied Oct. 25, 1933.

Vickers & Campbell, of Lubbock, for appellant.

Schenck & Triplett, of Lubbock, for appellees.

JACKSON, Justice.

The record discloses that on July 18, 1927, Mabel Aucutt filed suit No. 3017 in the district court of Lubbock county against her husband John W. Aucutt, to obtain a divorce, and on October 6, 1928, in an amended petition, in addition to the divorce, sought to have confirmed a contract dated July 25, 1927, entered into by the parties adjusting their rights in the community property.

The defendant answered and filed a cross-action in which he sought a divorce against the plaintiff, attacked the validity of the contract settling their rights in the community property, and asked that such contract be canceled and the community property be partitioned between himself and the plaintiff.

The plaintiff took a nonsuit, a trial was had, and the defendant granted a divorce on his cross-action, and a decree canceling the contract of settlement and partitioning the community property between the spouses.

On January 1, 1931, Mabel Aucutt filed the instant suit, cause No. 4521, in the district court of Lubbock county, attacking the validity of the judgment in cause No. 3017, alleging that the court was without jurisdiction to render a judgment for divorce on the defendant's cross-action because the plaintiff had no notice thereof, had been granted a nonsuit, and the defendant did not allege or prove that he was a resident of Lubbock county at the date on which he filed his cross-action. She also attacks the validity of the judgment partitioning the community property and vesting title to the community real estate in her husband; asks for divorce, that the contract relative to their rights in the community property theretofore entered into be confirmed, and in the alternative, if the decree of divorce should not be set aside, that the judgment respecting the partition of the community property be canceled or, in any event, modified and reformed so as to adjust the community property rights of the spouses.

She alleged that W. F. Schenck was asserting some rights in a portion of the real estate, and made him a party defendant with her husband.

The defendants filed a plea in abatement, setting out in detail the regularity of the proceedings in cause No. 3017, the validity of the judgment, that since the date thereof the defendant W. F. Schenck had purchased from his codefendant an interest in the land, and asked that the suit be abated.

The plea of abatement was sustained and the case dismissed, from which action of the court this appeal is prosecuted.

The Supreme Court, in an opinion reported in 62 S.W.(2d) 77, in reply to a certified question, answered that the district court of Lubbock county had jurisdiction in cause No.

3017 to grant the defendant John W. Aucutt a divorce on his cross-action after the plaintiff Mabel Aucutt had taken a nonsuit, and such judgment for divorce became final.

In the decree partitioning the community property in cause 3017, the court charged Mabel Aucutt with having received the household and kitchen furniture, the John W. Aucutt Transfer & Storage Company, an automobile, and certain improvements located on a lot in the original town of Lubbock, all of which he found to be of the aggregate value of $10,000. This property, as disclosed by the record, was received by Mabel Aucutt while the suit for divorce and a partition of the property was pending and before John W. Aucutt was granted a divorce on his cross-action in cause No. 3017. The court found that the only property remaining of the community estate at the time the divorce was granted, was certain tracts of land which are described by metes and bounds in the decree, and adjudged and decreed "that all right, title, interest, possession and claim in and to the above described tracts of land be and the same is hereby divested out of the said Mabel Aucutt and into the said John W. Aucutt as his own separate property and estate and his one-half of said community property of said plaintiff and defendant hereinbefore named and described."

 If the court was correct in holding that the contract partitioning the community property between the spouses was null and void, their rights in the community property were not affected by such contract. When a divorce is granted, the wife, in respect to the property, stands as the equal of the husband and is entitled to her share of the community property with its gains and increases up to the time of the granting of the divorce, although she may have abandoned her husband prior thereto. 15 Tex. Jur. 590, § 113. If Mabel Aucutt, between the time of the separation and the granting of the divorce, received the property charged to her by the court in his decree of partition, and appropriated it to her own use and benefit, she could in no event in a settlement and accounting with her husband, be charged with more than one-half of the value of the property so received and appropriated. Williams v. Williams, 60 Tex. Civ. App. 179, 125 S. W. 937, 1199.

██ Article 4638, R. C. S., provides that: "The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such·a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate."

It will be noted that the decree of the court divested Mabel Aucutt of all right, title, interest, possession, and claim to the community real estate and vested the title thereto in John W. Aucutt as his separate property.

In Reasonover v. Reasonover (Tex. Civ. App.) 59 S.W.(2d) 887, Justice Smith, speaking for the San Antonio court, says: "Appellant's second proposition must be sustained to the effect that the court exceeded its power in divesting appellant of title to his estate in the homestead and investing the whole title thereto in appellee. Under a proper state of facts the court would have the power to decree the use of the homestead, or even a life estate therein, in appellee, or to order its partition, or its sale and a division of the proceeds. But it had not the power to divest appellant of his title in community realty, to wit, the homestead, in this case. 15 Tex. Jur. p. 584, § 108; Speer's Law of Marital Rights, § 555; article 4638, R. S. 1925; Tiemann v. Tiemann, 34 Tex. 523; Long v. Long, 29 Tex. Civ. App. 536, 69 S. W. 428."

The court correctly· sustained the defendant's plea in abatement to her alleged cause of action for a divorce, and to that extent the judgment is affirmed, but in all other respects the judgment is reversed and the cause remanded.