## COCKBURN v. STANTON et al.
### No. 1642.

Court of Civil Appeals of Texas. Eastland.
March 12, 1937.

Troy Smith, of Tyler, and Saye & Saye, of Longview, for plaintiff in error.

James Young and Brachfield & Wolfe, all of Henderson, for defendants in error.

GRISSOM, Justice.

Stanton sued Cockburn and Smythe to recover a $7/96$ interest in an oil and gas lease, etc. Stanton alleged, in substance, that he, Cockburn, and Smythe associated themselves for the purpose of obtaining an interest in an oil and gas lease and procuring a drilling contract to develop the lease. It was alleged that said parties agreed upon an equal division of profits derived from their joint efforts directed toward such end. They contacted Martin, who owned an oil and gas lease on about 40 acres of land, subject to a debt of $150,000 "to be paid out of $1/4$ of $7/8$ of all oil and gas produced by and on said lease." In consideration of an agreement to commence the drilling of a well upon the lease within 25 days, etc., Martin agreed to assign to Cockburn and Smythe an undivided $1/2$ interest in the lease. Plaintiff alleged that as a matter of convenience his name was omitted from the contract, but that it was understood that he was jointly and equally interested with Cockburn and Smythe in the $1/2$ interest that Martin agreed to assign, and that it was contemplated when the first well was "spudded in" Martin would make the assignment, naming Stanton as one of the assignees therein. Plaintiff further alleged that Cockburn succeeded in procuring a contract with E. J. Boase whereby Boase agreed to drill, and did drill, a well upon property covered by said lease in consideration of an undivided $1/2$ interest in the undivided $1/2$ interest which Martin had contracted to assign, and thereafter did assign, in and to the $7/8$ working interest of said lease. Plaintiff alleged that Cockburn (to whom it appears Martin actually made the assignment) had settled with Smythe for Smythe's interest in their venture by assigning to Smythe an undivided $1/16$ interest in the lease, but that Cockburn and Smythe had refused to recognize Stanton's interest as a partner in the venture and refused to assign to him his undivided $1/3$ interest in the remaining $7/32$ interest in the oil and gas lease.

The cause was tried to the court. The court entered judgment for plaintiff, Stanton, against Cockburn that plaintiff recover "an undivided $1/16$ interest of the $7/8$ working interest of the oil and gas lease" and decreed such interest to be in Stanton "subject to the terms and conditions and encumbrances and drilling obligation" contained in the contract with Martin; that plaintiff's $1/16$ interest "shall bear its $1/16$ part of the obligation arising under the [Martin] contract." The court further rendered judgment upon the accounting for a recovery by Stanton against Cockburn of $1,669.81, and further decreed that "plaintiff's title to the undivided $1/16$ interest of the $7/8$ working interest" be decreed to plaintiff and that plaintiff be "quieted in his title thereto." The judgment was for Smythe.

Plaintiff in error, Cockburn, presents two propositions upon which he depends for reversal of the judgment. Proposition No. 1 is: "The judgment that plaintiff recover of defendant Cockburn, a $1/16$ lease interest based solely and only upon proof of a contract of settlement between plaintiff and Cockburn is at variance with and not supported by plaintiff's pleading of a partnership contract out of which the unpleaded settlement grew."

This proposition is overruled. There are neither findings of fact nor conclusions of law in the record. We do not know that the judgment is "based solely * * * upon proof of a contract of settlement between plaintiff and Cockburn." It is true that no settlement agreement was pleaded, although it was proved, but we think there was ample evidence relative to an agreement between plaintiff and defendants whereby the profits of their venture were to be shared equally. It was apparently Cockburn's contention that Stanton had some interest in Smythe's interest, but that only Smythe and Cockburn were directly concerned with the project and that Stanton's interest, if any, was to be secured out of Smythe's interest, and that Stanton was not known in the deal between Cockburn and Smythe. This was a disputed question of fact resolved by the court in favor of Stanton. It may be correct, as contended by plaintiff in error, that, if the court found the facts alleged by the plaintiff to be true, Stanton was entitled to recover a slightly

larger interest than the $\frac{1}{16}$ interest in the lease awarded him by the judgment. But, if the plaintiff recovered less than he was entitled to under his pleadings, Cockburn cannot complain, unless such judgment was based upon a different contract than the one alleged. If plaintiff was entitled under his pleadings to slightly more than a $\frac{1}{16}$ interest in the lease and under the settlement agreement proved, but not alleged, to exactly a $\frac{1}{16}$ interest, still we do not think that it follows necessarily and as a matter of law that plaintiff in error has conclusively demonstrated that the judgment of the trial court was actually based solely upon proof of the contract of settlement instead of the contract alleged. If the settlement agreement were the sole basis of the judgment, plaintiff in error could have shown it, by having the trial court file findings of fact and conclusions of law. Plaintiff in error having had the opportunity to make definitely known the basis of the judgment, we do not feel inclined to speculate as to its basis, but think we are bound to presume, under such circumstances, that the judgment is based upon the contract alleged which was supported by evidence. Proof of the settlement agreement may have been made for the purpose of showing a recognition by Cockburn of an interest acquired by Stanton under the contract alleged.

Plaintiff in error's second proposition is: "The judgment of the court whereby plaintiff Stanton recovered of defendant Cockburn a money judgment for oil produced to the credit of the $\frac{1}{16}$ interest adjudged to Stanton, is not supported by any allegations in the pleading, nor by any prayer for such character of judgment."

There is nothing in plaintiff's pleadings disclosing the fact that oil has been produced from the lease in question, nor is there the slightest reference to any quantity of oil or its value. Plaintiff in his pleadings does not ask for an accounting for the value of oil produced from the lease. There is no pleading with reference to, nor prayer for, a money judgment. The prayer for an accounting is in connection with his claim that he should be awarded an interest in the lease subject to "such encumbrances and development charges." Construing plaintiff's pleadings liberally and giving full effect to all reasonable intendments thereof, we think that in the respect mentioned plaintiff asks for a judgment for a share of the lease, subject to encumbrances and development charges, and not for a money judgment. We think before plaintiff (defendant in error here) can recover the money judgment awarded he must replead his case. As it now exists, there is a total lack of pleading supporting such recovery. Allen v. Allen, 101 Tex. 362, 107 S.W. 528, 530; Arrington v. McDaniel (Tex.Com.App.) 14 S.W.(2d) 1009; Kirby v. Hayden (Tex.Civ.App.) 125 S.W. 993; Long v. Long, 29 Tex.Civ.App. 536, 69 S.W. 428; Whitten v. Whitten (Tex. Civ.App.) 157 S.W. 277; Bell v. Beckum (Tex.Civ.App.) 44 S.W.(2d) 389.

The judgment is affirmed to the extent that it awards defendant in error a recovery of a $\frac{1}{16}$ interest in the lease. In all other respects it is reversed and the cause remanded.