### ASKEW v. ROUNTREE et al.
#### No. 10284.

Court of Civil Appeals of Texas. San Antonio.

Sept. 21, 1938.

Rehearing Denied Oct. 12, 1938.

See, also, 111 S.W.2d 1133.

J. B. Lewright, R. G. Harris, and Chas. F. Guenther, Jr., all of San Antonio, for plaintiff in error.

Eskridge & Groce, of San Antonio, Vinson, Elkins, Weems & Francis, of Houston, and Todd & Todd and Sidney P. Chandler, all of Corpus Christi, for defendant in error.

SLATTON, Justice.

G. W. Askew brought this suit in the District Court of San Patricio County against Mrs. Amy Askew Rountree, her husband, and others, to recover an undivided one-half interest in and to 160 acres of land situated in said County, and one lot in Taft. His trial pleading was in the form of trespass to try title. G. W. Askew and Amy Askew married August 26, 1924. Thereafter the property in suit was conveyed to G. W. Askew. Amy Askew filed suit against G. W. Askew on April 27, 1934, for divorce. It was alleged in her action for divorce that G. W. Askew was a resident of the Republic of Mexico; that the land in suit was community property; and that a certain ranch in the Republic of Mexico was a part of the community property. It was also alleged that a daughter was born to such marriage and was then eight years of age; she prayed for divorce, custody of the child, and for title to the entire community estate situated in this State, which included the land in suit. G. W. Askew was served with out of State notice and signed a waiver. September 18, 1934, a judgment was rendered granting the divorce and the custody of the minor child was given to Mrs. Askew. The property was disposed of by the decree as follows:

"In the opinion of the court said property should be awarded to the plaintiff for the support of herself and said minor child of said marriage and it is therefore ordered, adjudged and decreed by the court that all title, right and interest to the hereinafter described property be divested out of the defendant, G. W. Askew, and invested in the plaintiff, Amy Askew."

Defendants in error filed defensive pleadings and cross-actions in trespass to try title.

The trial was to the court, which resulted in a judgment denying recovery to G. W. Askew and he prosecutes writ of error.

Plaintiff in error contends that, the real estate in suit being community property of

G. W. Askew and Amy Askew, the divorce decree which attempted to divest title out of plaintiff in error and invest title in Amy Askew, one of the defendants in error, is utterly null and void and in direct violation of Art. 4638, Revised Civil Statutes 1925.

The present suit, being in trespass to try title, to recover an interest in land awarded to Amy Askew by judgment dated September 18, 1934, involves a collateral attack upon said judgment. Watson v. Hopkins, 27 Tex. 637.

If the judgment dated September 18, 1934, in the suit of Amy Askew versus G. W. Askew, wherein the title of the land was divested out of G. W. Askew and invested into Amy Askew is void, "It is good nowhere and bad everywhere." Paul v. Willis, 69 Tex. 261, 7 S.W. 357.

■ Much confusion is to be found in the decisions by reason of indiscriminate use of the words void and voidable in speaking of judgments. Murchison v. White, 54 Tex. 78; Southern Surety Co. v. Texas Oil Clearing House, Tex.Com. App., 281 S.W. 1045. The chief distinction between a void judgment and a valid one is the absence of jurisdiction in the court that rendered the judgment. If the court has not jurisdiction the judgment is void provided the lack of jurisdiction is apparent from the judgment or its record. 25 Tex.Jur. § 257, p. 698.

Other cases seem to relax the rule which require the lack of jurisdiction to be apparent upon the judgment or its record. Templeton v. Ferguson, 89 Tex. 47, 33 S.W. 329; Cline v. Niblo, 117 Tex. 474, 8 S.W.2d 633, 66 A.L.R. 916.

■ In the cause of Amy Askew v. G. W. Askew the defendant Askew was served with process in accordance with law and signed a waiver, hence jurisdiction of the person was obtained. The nature of the suit of Amy Askew was for divorce, custody of the minor child, and for title to land situated in San Patricio County, Texas. According to the pleading of Amy Askew the community estate of the marriage of Amy and G. W. Askew consisted of the land involved in this suit and the Ranch in Mexico. Thus the court had jurisdiction of the parties and that part of the community estate situated within this State. Art. 4638, R.C.S. 1925, provides: "The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate."

Under this statute the courts of this State have held that "In granting a divorce, the Court may make such a division, at least, of the community property, in reference to the condition of the parties, and the support and education of the children, as may be equitable and just," citing the Fitts Case, Fitts v. Fitts, 14 Tex. 443; Trimble v. Trimble, 15 Tex. 18, 19. And in the case of Simons v. Simons, 23 Tex. 344, after quoting the statute, it is said: "This provision, taken as a whole, evidently intends to invest the district court with the power to exercise, within reasonable limits, a discretion in making partition of property between persons, who are divorced by the court, from the bonds of matrimony."

In the case of Young v. Young, Tex. Civ.App., 23 S.W. 83, it is said: "If, in the division of the community estate, it should be found proper to adjudge to her the whole of the lots, in satisfaction of her interest in the entire estate, such a decree would not be forbidden by the provision of the statute that neither party shall be compelled 'to divest him or herself of the title to real estate.' "

■ The court had not jurisdiction to divide the community estate situated in the Republic of Mexico. Moor v. Moor, 24 Tex.Civ.App. 150, 57 S.W. 992, 255 S.W. 231. That part of the community estate could not be reached. Amy Askew was entitled under the statute quoted to a division of all the community estate which was owned by her and her husband. In this situation in order for the court to give effect to the provision of the first part of the statute it was necessary to consider that a part of the community estate of the parties was in the Republic of Mexico which could not be reached for partition, but could be considered in the partition of that part of the estate situated in the State of Texas. Moor v. Moor, supra.

The decisions of our courts demonstrate, we think, that the court rendering the judgment in the cause of Askew v. Askew had jurisdiction of the persons and the subject matter, that is of Amy Askew and G. W. Askew, and the community estate situated within this State.

■ This brings us to the inquiry, does the judgment in said cause show, upon the face of the judgment or its record, that the court in divesting title to real estate out of G. W. Askew and investing the same into Amy Askew exceeded the power given and restricted in the statute above quoted? It must be kept in mind that this proceeding is a collateral attack upon the judgment and in such a proceeding it is a rule of almost universal application that a judgment of a domestic court of general jurisdiction rendered in the exercise of its usual powers imports absolute verity; and every reasonable presumption that may be necessary to uphold it will be indulged. 25 Tex.Jur. § 319, p. 831.

■ Giving the judgment the presumption to which it is entitled, neither the judgment nor its record shows that G. W. Askew did not relinquish unto Amy Askew his interest in and to the community real estate situated within this State, either by deed, agreement or otherwise.

It cannot be successfully contended that had Mrs. Askew upon the trial of the cause of Askew v. Askew introduced in evidence a deed of conveyance from G. W. Askew to Amy Askew of his interest in the community real estate the court would not have been authorized to enter the judgment divesting the title to such real estate out of G. W. Askew and investing the same into Amy Askew. The same could be said had she produced in evidence a written agreement to the effect that she should have title to all the real estate. Therefore, it is our opinion in this collateral proceeding, the judgment under attack cannot be said to show upon its face or its record that the court rendering it "compelled" G. W. Askew to divest himself of title to real estate. Moor v. Moor, supra. The cases of Reasonover v. Reasonover, Tex.Civ.App., 59 S.W.2d 887, and Aucutt v. Aucutt, Tex.Civ.App., 63 S.W.2d 755, involve direct proceedings to correct claimed errors in judgments are not applicable to collateral attack. The cases of Grant v. Ellis, Tex.Com.App., 50 S.W.2d 1093; Smith v. Paschal, Tex.Com. App., 1 S.W.2d 1086; Cline v. Niblo, 117 Tex. 474, 8 S.W.2d 633, 66 A.L.R. 916; Harrison v. Barngrover, Tex.Civ.App., 72 S.W.2d 971, involve judgments rendered which were absolutely forbidden by statutes, hence subject to collateral attack. These cases are distinguished from the present case in the language of Mr. Chief Justice Phillips in the case of Simmons v. Arnim, 110 Tex. 309, 220 S.W. 66, 68: "Only an entire want of power to render the judgment could make it void. The question is, therefore, simply whether the court had the power to render such a judgment; not whether, having the power, it rendered an erroneous judgment."

Askew further contends that the judgment dated September 18, 1934, when tested by the record cannot be construed to be a partition of the community estate of the Askews, that is, that title to the property in suit was awarded to Amy Askew in lieu of her community interest in the ranch situated in the Republic of Mexico, either directly or by implication. It may be conceded that said judgment does not do so directly, but we are of the opinion that the judgment may be construed to do so by necessary implication upon the authority of the case of Trammell v. Rosen, 106 Tex. 132, 157 S.W. 1161, and authorities there cited.

These conclusions render other questions presented by the plaintiff in error immaterial and require an affirmance of the judgment.

It is believed that the judgment rendered by the trial court in the present case may be affirmed for other reasons, even though our conclusions upon which we rest our decision be erroneous. The trial court did not file findings of fact and conclusions of law; none were requested by plaintiff in error. There is evidence in the record which tended to show that G. W. Askew left his wife and child with the intention of abandoning them; that he used a considerable sum of money belonging to the community estate and purchased personalty and moved the same into the Republic of Mexico; that before the divorce suit was filed Askew, from his personal earnings, made from one hundred dollars to two hundred and fifty dollars per month in the Republic of Mexico; that a part of the community estate of the Askews consisted of real estate in the Republic of Mexico. The value of the community estate in Mexico, including the real and personal property, was far in excess of the value of the community estate situated within this State at the time of the rendition of the divorce judgment. That very little money was sent to Mrs. Askew for support of herself and child; that no money was furnished by Askew for the

payment of the existing indebtedness upon the 160 acres of land involved in this suit. Mrs. Askew during the period of abandonment had the care and management of the community estate within this State and continued such care and management after the divorce judgment to the exclusion of all others, until this action was filed. Mrs. Askew filed the divorce suit and served G. W. Askew with out of state citation and a copy of the original petition. G. W. Askew signed a waiver knowing that he was charged with abandonment and that Mrs. Askew was seeking title to the entire community estate situated within Texas. Askew was furnished a copy of the divorce judgment showing Mrs. Askew to have been decreed the title to said property. Askew advised Mrs. Askew of his knowledge of such facts and expressed his satisfaction. He thereafter requested her to send him the deeds to the land in Mexico. Upon this trial Askew testified that he was satisfied with the disposition made of the property by the divorce decree until shortly before he filed this suit, and that the reason he requested Mrs. Askew to send him the deeds to the land in the Republic of Mexico was because she had received the property in Texas and was not concerned with the land in Mexico. Upon this trial Askew did not offer an accounting of the community estate which was situated in Mexico. Mrs. Askew after the divorce sold mineral interests in the 160 acres and used the proceeds to discharge the indebtedness upon the 160 acres of land and a portion thereof to improve the property in Taft.

These facts are very similar to the facts in the case of Mother Mary Angela v. Battle, Tex.Civ.App., 198 S.W. 1030, writ refused, wherein it is said [page 1031]:

"In plaintiff's petition it was alleged that the property in controversy was acquired by herself and husband during their marriage, and while they lived together as husband and wife, and that the same was used and occupied by them as their homestead. It was further alleged that her husband voluntarily left her with the intention of abandoning her, and ever thereafter refused to live with her, or to contribute anything towards her maintenance and support; that at or about the time he abandoned her he sold certain personal property belonging to the community estate of herself and her husband, realizing therefrom the sum of $935, which he appropriated to his own use and benefit as his share of the community estate, and delivered to plaintiff the property in controversy as her part and share of said community estate. It was further alleged that after said abandonment J. M. Battle never asserted or claimed any interest in the property in controversy; that the property in controversy was worth only $600, and that the partition of the community estate so made by J. M. Battle was a fair and equitable one, and plaintiff ever since such abandonment had continued to occupy the property in controversy as her homestead and to claim the same as her own separate property.

"If the allegations noted were sustained by proof, and we must presume that they were, plaintiff owned an equitable title to the property in controversy to the exclusion of any interest therein by her husband, and therefore, even if he made such a will as was pleaded by the defendant, it could not operate to affect plaintiff's said title."

See, also, the cases of Adams v. Adams, Tex.Civ.App., 191 S.W. 717, writ refused; Crump v. Andress, Tex.Com.App., 278 S. W. 422; De Rodriguez v. Hinnant, Tex. Com.App., 267 S.W. 471.

In Vol. 1, page 640, § 320, Freeman on Judgments, it is said: "Even where the circumstances are such as might otherwise afford sufficient grounds for successful attack collaterally upon a judgment or decree, the conduct of the party may be such as to estop him from availing himself of those grounds."

Applying the rule so well stated by Mr. Freeman to the facts of this case, it is our opinion that G. W. Askew should not be heard in this collateral proceeding to assert title to that part of the community estate of the Askews situated within this State.

For the reasons stated the judgment of the trial court is affirmed.