## DONIAS v. QUINTERO et al.

### No. 4671.

Court of Civil Appeals of Texas. El Paso.

Nov. 23, 1949.

Albert A. Pena and Chas. T. Haltom, San Antonio, for appellant.

J. R. Cade and Frank Alvarado, San Antonio, for appellees.

McGILL, Justice.

This is an appeal from a judgment of the 45th Judicial District Court of Bexar County. Appellant was plaintiff in the trial court and appellees were the original defendants. Plaintiff's first amended petition on which the case was tried was filed August 17, 1948 in lieu of his original petition filed April 15, 1948. It contained the usual allegations of a suit in trespass to try title to an undivided one-half interest of the north 50 feet of lots 173 and 174 in Block 6 in New City Block 6389 of the City of San Antonio. The death of defendant Juanita Diaz Quintero was suggested and the suit continued by her husband, Enemencio Quintero and her sons, Jose Benavides Diaz, Guillermo Benavides Diaz and Santiago B. Diaz, these being her sole heirs, as defendants. On November 6, 1948, defendants filed their first amended answer and petition in cross action, which contained a plea of not guilty, and a general denial, and by which they sought to recover title and possession of the property and to quiet title thereto; also to require plaintiff to account for rents he had collected from the property. Trial was to the court without a jury. On the 7th day of March, 1949, the court rendered judgment awarding title and possession of the property to the three sons of Juanita Diaz Quintero, her husband having waived his interest therein in their favor, and ordered plaintiff to pay the sons $106.38, this being the amount of rent he had collected from the property. Plaintiff excepted and has perfected his appeal.

The appeal is before us without any statement of facts. However a resume of the proceedings reflected by the transcript and a statement of some facts found by the trial court is essential to an understanding of the points presented.

On July 29, 1946, Irene F. Donias as plaintiff filed her petition in cause No. F-34,755 in the 45th Judicial District Court of Bexar County, in which Pedro Donias, appellant here, was defendant. Plaintiff sought a divorce from defendant. She alleged: "That community property consists of household goods of the value of $100.00. Also the North 50 ft. of lots 173 and 174 in Block 6 N. C. B. 6389 fronting 50 ft. on Daly Street, being 50 ft. by 50 ft. and known as 108 Daly Street, San Antonio, Bexar County, Texas, of the value of $1,000.00. Plaintiff asks she be awarded this community property as she has worked hard to pay for same and also has kept the taxes through her own efforts."

On September 3, 1946 the court rendered judgment granting plaintiff a divorce from defendant and restoring to her her maiden name of Irene Flores. The judgment recites: "Plaintiff is hereby awarded real estate known as; 108 Daly St., San Antonio, Texas and more fully described as; lot N. 50 ft. of 173 and 174; Block 6 N. C. B. 6389. * * * "

On November 17, 1947, appellant as plaintiff filed his original petition in cause No. F-43,940 in the 37th Judical District Court of Bexar County, in which Irene Flores was named defendant. He alleged the granting of a divorce and the awarding of the property in question to defendant in cause No. F-34,755; that he was served with citation in said cause in Los Angeles, Calif., and employed an attorney there to protect his rights in the divorce suit, but that the attorney overlooked doing so and he did not know that his former wife had been awarded all of the community property. He prayed that he be granted judgment for one-half of such property. Defendant filed her original answer to this petition on December 30, 1947. This consisted of a general denial. On February 16, 1948, this cause was transferred to the 45th Judicial District Court of Bexar County. February 24, 1948, defendant filed her first amended original answer and cross action in cause No. F-43,940. This

consisted of a general denial and allegation that the property described in her original petition in the divorce case was not in fact community property, but was her separate property. She prayed that plaintiff take nothing, and in the alternative that if the property was declared to be community property she be given a life estate therein, and that plaintiff take only a half undivided interest in the remainder. On March 20, 1948, appellant as plaintiff filed his first amended petition in cause No. F-43,940 in lieu of his original petition filed therein on November 17, 1947, in which he set out the petition in cause No. F-34,755, alleged that he was served with citation in such cause in Los Angeles, California, on August 7, 1946 and employed an attorney to represent him and protect his rights therein, but such attorney overlooked doing so, and that he did not know defendant was claiming full title to the property until he returned to San Antonio in the fall of 1947. He further alleged that it was the intention of the court in the divorce case to award only the use of the real estate to plaintiff, and if not, that the order awarding her the fee of said land was contrary to the Statute. He prayed that such order be changed and that the land be partitioned between plaintiff and defendant. On March 29, 1948, the court rendered judgment in cause No. F-43,940 that " * * * the plaintiff, Pete Donias have, and he is hereby granted, judgment against the defendant. Irene Flores; and that the award set out in cause No. F-34,755, styled Irene F. Donias vs. Pedro Donias, be, and the same is, hereby changed so that from henceforth the plaintiff and defendant herein, each, shall have an undivided one-half interest in the real estate, therein, and herein, mentioned, to-wit: The north fifty (50) feet of lots 173 and 174, in Block six (6), New City Block 5389, fronting 50 feet on Daly Street, and being 50 feet by 50 feet, and known as 108 Daly Street, in San Antonio, Bexar County, Texas."

The present suit followed. On November 15, 1948, appellant filed a motion in cause No. F-43,940 to correct the judgment rendered therein on March 29, 1948, and to change said judgment so that the award of the real estate to Irene Flores in the divorce suit be set aside and plaintiff be held to have had title since the date of the filing of the divorce suit on July 29, 1946. The grounds of the motion were substantially the same as those set up in his first amended petition filed on March 20, 1948. He also alleged that a deed dated February 23, 1948, by which Irene Flores purported to convey said property to Mrs. Juanita Diaz Quintero was filed for record March 29, 1948, and that he had no notice of the existence of such deed prior to the rendition of the judgment of March 29, 1948. On December 1, 1948, appellees filed their petition in intervention in cause No. F-43,940 in which among other allegations they alleged that Juanita Diaz Quintero was an innocent purchaser for value of said property from Irene Flores. By agreement of the parties by order of the court on January 21, 1949, cause No. F-43,940 was consolidated with cause No. F-46,359 (this cause in the trial court). The judgment rendered by denying all relief not granted, denied the motion to correct judgment filed by appellant in cause No. F-43,940.

The court found as a fact that there was no oral testimony upon the trial whereby the judgment of March 7, 1949 was rendered; that there was no lis pendens notice filed in cause No. F-43,940; that Irene Flores by warranty deed on February 23, 1938 conveyed the land in dispute to Juanita Diaz Quintero as her separate property; that the stated consideration in such deed was one dollar and other valuable considerations, and that the deed shows cancelled documentary stamps for $1.10; that Juanita Diaz Quintero was an innocent purchaser of the land in controversy; that he took judicial notice of the pleadings, the judgments and the judgment records in the three cases, namely, No. F-34,755, No. F-43,940 and No. F-46,-359. He concluded that as a matter of law the divorce decree in cause No. F-34,-755 passed title to the property to Irene Donias (Flores) and that she conveyed such title to Juanita Diaz Quintero; that the decree in cause No. F-34,755 was not

ambiguous and the decree entered in cause No. F-43,940 was not ambiguous, and did not disturb the judgment entered in cause No. F-34,755, and could not affect the sale of the property made prior to March 29, 1948; that it was unnecessary for him to rule on any point and he did not pass on any point other than that the divorce decree awarded to Irene Donias (Flores) the fee simple title to the land in question, in view of his conclusion to this effect.

The points of error presented are (1) It was error to set aside or ignore the judgment of March 29, 1948, by which appellant was granted an undivided one-half interest in the land in question; (2) The court erred in holding that the award of community real estate in said No. F-34,755 granted the plaintiff therein, Irene F. Donias the fee simple title to said real estate; and (3) Since by cause No. F-43,940 appellant made a direct attack upon that part of the divorce decree awarding Irene Flores all of the community real estate it was error for the court to find without any testimony being heard that such award was binding and should not be disturbed.

We have concluded that point (2) must be sustained, and hence that an authoritative adjudication of the other points is unnecessary.

The decree rendered in cause No. F-34,755, when considered in the light of plaintiff's original petition, which is binding on the plaintiff, affirmatively shows that the real property in question which the court attempted to award to plaintiff, was the community property of Irene F. Donias and Pedro Donias. This being so, the court was without power to compel appellant to divest himself of the title to such real estate or to divest title to such real estate out of him. Art. 4638, R.C.S. provides: "Art. 4638. * * * Division of property. The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate."

In construing this Article the Supreme Court, in Tiemann v. Tiemann, 34 Tex. 522, 523, where the trial court had attempted to divest the husband of all title to the community homestead, said: "We gather from the decree that the plaintiff was intrusted with the custody of the child, named in the petition as the fruit of the marriage. This virtually considers her the head of the family, and we think the court very properly decreed her the use of the homestead; *but it was not in the power of the district court to give her more than a life estate in it,* and it must therefore be amended so that the plaintiff shall take under it the sole use and right to occupy the said house and lot in the town of Seguin, for and during the term of her natural life, and the decree of the district court, being thus amended, is affirmed." (Emphasis ours.)

Again, in answering certified questions in Ex parte Winfield Scott, Jr., 133 Tex. 1, loc. cit. pp. 13–14, 123 S.W.2d 306, loc. cit. 313(18–21) the Supreme Court said: "By the provisions of Article 4638, R.C.S.1925, the court pronouncing the decree of divorce has jurisdiction, in the divorce action, to decree a division of the estate of the parties in such a way as the court may deem just and right, having due regard for the rights of each party and their children, if any. *This statute does not allow the divorce court to compel either party to the divorce action to divest himself or herself of the title to realty.*" (Emphasis ours.)

Tiemann v. Tiemann was cited as holding that the trial court had power to do no more than decree to the wife a life interest in the community homestead, and was followed in Long v. Long, 29 Tex.Civ.App., 428, 69 S.W. 428; in Reasonover v. Reasonover, Tex.Civ.App., 59 S.W.2d 887; in Aucutt v. Aucutt, Tex.Civ.App., 63 S.W. 2d 755, Wr.Dis.; and in Lewis v. Lewis, Tex.Civ.App., 179 S.W.2d 594, loc. cit. 596

(2), where the court said: "We have concluded that the better authorities in this state are to the effect that while a trial court in a divorce case has a wide discretion in determining a division of the property between the parties, he cannot by decree, in an effort to so equitably divide the property, divest either of title to real estate. In addition to cases above referred to, see Long v. Long, 29 Tex.Civ.App., 536, 69 S.W. 428; Aucutt v. Aucutt, Tex. Civ.App., 63 S.W.2d 755, writ dismissed; O'Neil v. O'Neil, Tex.Civ.App., 77 S.W. 2d 554, writ dismissed; Lowery v. Lowery, Tex.Civ.App., 136 S.W.2d 269; Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306."

It is true that in each of these cases, with the possible exception of Aucutt v. Aucutt, the provision of the divorce decree in question was attacked in a direct proceeding by appeal or writ of error. Here it is attacked collaterally in a suit in trespass to try title. However, if "it was not in the power of the district court to give her more than a life estate" as said in Tiemann v. Tiemann, supra, and if the "statute does not allow the divorce court to compel either party to the divorce action to divest himself or herself of the title to realty" as said in Ex Parte Winfield Scott, Jr., supra, it seems to us that since the divorce court is forbidden by the Statute from compelling either party to the divorce action to divest himself or herself of title to realty, that portion of the judgment which attempts to do so is void and subject to collateral attack. "It is good nowhere and bad everywhere." Paul v. Willis, 69 Tex. 261, 7 S.W. 357.

We are not in accord with the statement of the Circuit Court of Appeals, 5th Circuit, in Fisher v. Jordan, 116 F.2d 183, loc. cit. 186 that "We think the last sentence of the quoted statute is not so framed as to limit the court's jurisdiciton, but was intended to guide the court by prescribing a rule of decision. Failure rightly to understand or apply the rule is error, but if acquiesced in, is not fatal to the judgment."

Nor do we approve all that is said in Askew v. Rountree, Tex.Civ.App., 120 S. W.2d 117, Wr.Dis., although we have no quarrel with the judgment rendered in that case and in the case of Bird v. Palmetto Lumber Co., Tex.Civ.App., 176 S. W. 610, on the facts there presented. In both of these cases the facts may have warranted the inference that title to the community real estate was divested out of a party to the divorce suit by agreement of the parties. This was expressly found as a fact by the trial court in the case last cited.

In the case at bar, even though we assume, as we think we must, that the recital in the divorce decree as to personal service of Pedro Donias above quoted is entitled to absolute verity, and means that the court acquired jurisdiction of his person, yet there are no circumstances appearing in the record which would warrant a finding that he consented or agreed to the divestiture of the title to the real estate in question out of him.

We hold that as a matter of law the divorce decree rendered in cause No. F-34,755 was ineffective to divest appellant of his one-half interest in the real property in question, and that appellees acquired no title thereto. Juanita Diaz Quintero was charged with notice of the lack of power in the divorce court to divest appellant of his undivided one-half interest in the community property of himself and his wife, Irene Flores Donias. No questions of laches or estoppel or of innocent purchaser for value are presented by the record.

The judgment of the trial court is therefore reversed and judgment is here rendered in favor of appellant against appellees for his undivided one-half interest in the property.

Reversed and rendered.