## WALKER v. WALKER.

No. 6514.

Court of Civil Appeals of Texas. Texarkana.

May 18, 1950.

Rehearing Denied June 29, 1950.

Hatchell, Storey, Hatchell & Rainey, and Harvey P. Shead, all of Longview, for appellant.

D. S. Meredith, Jr., Longview, Mike Anglin, Ballinger, for appellee.

WILLIAMS, Justice.

This suit filed by appellee, Mrs. Virginia Walker, resulted in the dissolution of the marriage existing between her and appellant, H. L. Walker, the award to her of the custody of their three children, ages 11, 6 and 5, and the adjudication of property rights. Under the points presented, appellant attacks the division of the property rights, no complaint being urged to the dissolution of the marriage.

With the exception of the homestead of litigants, situated on Arkansas Street, in Longview, Texas, owned by appellant prior to marriage which was awarded to him as his separate estate, and not here involved, all the remaining properties, real, personal or mixed involved in this litigation were acquired by plaintiff and defendant after their marriage with community funds, and as further found by the trial court to which there is no controversy, the properties were not acquired by either of them by means out of any separate estate or by gift, devise or descent. This property so acquired during the marriage consisted of two rent houses in Longview, Texas, with the furniture therein; a duplex in Marshall with a lien outstanding to secure the balance due on the purchase price; a promissory note for $10,000 secured by a lien on a packing

plant situated in Florida; a store building and various lots in and around Sarasota, Florida; improvements made on the homestead out of community funds; moneys and bank stock; cash value of life insurance policies; motor vehicles; a note secured by lien on a diamond ring; and other items of personalty.

The judgment sets out, as found by the court, that the $10,000 note secured by a mortgage on a packing plant in Florida, held by and payable to appellant, was of the value of $10,000; that the store building and some thirty-five vacant lots situated in and around Sarasota, Florida, and legal record title of which was in appellant were of the value of $12,500. The judgment further recites the value of each of the other items of realty, each item of personalty, and the aggregate respective values of the realty and the personalty. Premised on above values the court decreed that H. L. Walker, the husband, "shall take as his separate estate out of the division of their community estate" the $10,000 note secured by the lien on the packing plant, the life insurance policies, the moneys on deposit, motor vehicles and other personal property, all of which are therein described; and that Virginia Walker, the wife, "shall take as her separate estate out of the division of their community estate" the two rent houses in Longview, Texas, with the furniture therein, the duplex in Marshall, Texas, and certain other items of personal property as specified in the judgment. After allowing for the community indebtedness of $4,575.58 which was charged to appellant, the court found that the value of the properties awarded to her was $6,061.55 less than the value of the properties and equities decreed to him and awarded her a judgment over and against him for this latter amount.

Appellant asserts that in the division of the community property the trial court "took into consideration the property owned by H. L. Walker, the husband, in the State of Florida, both real and personal and in making such division attempted to set aside to the wife property in Texas

that would equal in value a one-half interest in the Florida realty, when as a matter of law the wife has no interest in the Florida property real or personal which had been accumulated during the marriage of the parties." Associated with above is the further contention that "it was error for the trial court to divest title out of him of his interest or any part of his interest, or to divest either litigant of title to the real estate, it being community property."

The decree makes no attempt to divest title to the Florida realty out of the husband. The legal record title still remains in him. Title in him to the $10,000 note remains unimpaired. The trial court did take into consideration the value of community funds that the husband carried out of Texas and invested same in realty in Florida, a common-law state where the community interests of a wife are not recognized. It is to be pointed out that during the acquisition of above funds and the other properties involved in the community estate here, plaintiff and defendant were and still are resident citizens of Gregg County, Texas. With a single exception to be discussed later, appellant does not attack the court's finding of value of any item; the aggregate value of the community estate; or any calculation that is recited in the judgment.

Under the general equitable powers inherent in the District Court and the provisions of art. 4638, R.C.S. of Texas, the trial court in order to effect a fair, just and equitable division of the whole of the community estate was clothed with the power and authority to take into consideration the value of the community funds so invested in the Florida realty in a foreign jurisdiction and to charge the husband with one-half of the value of such funds in the allocation as here to the wife of property, real, personal or mixed, situated within the court's jurisdiction in Texas. Askew v. Rountree, Tex. Civ.App., 120 S.W.2d 117, 119, citing Moor v. Moor, Tex.Civ.App., 57 S.W. 992; Id., 24 Tex. Civ.App. 150, 255 S.W. 231; Barreda v. Barreda, Tex.Civ.App., 216 S.W.2d 1009; Depas v. Mayo, 11 Mo. 314, 49 Am.Dec. 88; Tomaier v. Tomaier, 23 Cal.2d 754, 146 P.

2d 905, 908; 27 C.J.S., Divorce, § 294, page 1122; 41 C.J.S., Husband and Wife, § 466, page 992. A denial of such equitable power as urged by appellant would aid and lead to gross injustice instead of a fair, just and equitable division of the whole of the community.

In support of the claim that the decree has divested him of title to real estate, appellant cites Tiemann v. Tiemann, 34 Tex. 522; Craig v. Craig, 31 Tex. 203; Reasonover v. Reasonover, Tex.Civ.App., 59 S.W. 2d 887; Aucutt v. Aucutt, Tex.Civ.App., 63 S.W.2d 755; and Donias v. Quintero, Tex.Civ.App., 227 S.W.2d 252, 255, wherein the court applied the latter provision of Art. 4638, supra, which reads: "The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate."

There is no quarrel to be picked to the application of above restrictive provision to the record involved in above decisions.

■ As stated in Young v. Young, Tex. Civ.App., 23 S.W. 83, and applicable to the instant record: "If, in the division of the community estate, it should be found proper to adjudge to her the whole of the lots, in satisfaction of her interest in the entire estate, such a decree would not be forbidden by the provision of the statute that neither party shall be compelled 'to divest himself or herself of the title to real estate.'" Von Herberg v. Von Herberg, 6 Wash.2d 100, 106 P.2d 737, 747. And as stated by Justice Harvey in Puckett v. Puckett, Tex. Civ.App., 205 S.W.2d 124, 125, "In partitioning the community estate, either in kind or by a sale and partition of the proceeds, there is no divesting of title to such real estate within the meaning of the above statute; it is purely a division of realty as between those who have title thereto." See Houston Oil Co. of Texas v. Kirkindall, 136 Tex. 103, 145 S.W.2d 1074, 1077.

■ Appellant's claim "that the evidence was insufficient to support the court's finding that the $10,000 note was of the value of $10,000 is overruled. In obedience to the court's order, the defendant filed an inventory and (his) appraisement of the properties, duly verified and made a part of his original answer. In this inventory he scheduled as community property above "note in process of foreclosure, $10,000; the thirty-five lots in and around Sarasota, Florida, $750; the store building and two lots in Sarasota, $4,500"; and the other properties first herein mentioned and his appraisement of each item. This inventory was introduced in evidence by the wife. It was within the province of the trial court, the trier of the facts and the judge of the credibility of the witnesses and the weight to be given their testimony, to give credence to the value placed on the note by appellant in the inventory rather than his guess or estimate of what he might eventually realize out of it. The values that a Florida realtor placed on this Florida realty greatly exceeded the values made by appellant in his inventory.

The matter complained of under appellant's seventh point wherein he attacks the conditional right of visitation with the children as entered in the decree was not only surplusage but is now moot. The order was temporary and effective only pending the appeal. The court possessed the power to enforce the order for support by contempt proceedings.

In the identification of the several parcels of realty, the decree follows the same descriptive data as plead by the respective litigants, and as set out in the appellant's inventory of the community estate. The evidence introduced identified the location of each parcel, its value, its contents, the outstanding lien if any, and from this each is clearly identified in the evidence. No attack was made in the trial court to the insufficiency of the description of the realty in the pleadings or to any evidence that identified the realty. But under the holding in Greer v. Greer, 144 Tex. 528, 191 S.W.2d 848, and authorities there cited in the application of art. 3995, R.C.S. of Tex-

**908**

as, the contention of appellant that the description of the realty awarded to her and that of the homestead to him are insufficient will be sustained.

Accordingly that part of the judgment which indefinitely describes the realty in the division will be reversed and the cause remanded to the trial court with direction that amended pleadings be drawn and filed by litigants so as to incorporate therein definite field notes or lot and block description of each parcel of realty involved including the homestead tract and that the trial court incorporate into the judgment such definite description and identification of the realty allotted to each spouse, so as to meet the defects in the description condemned in Greer v. Greer, supra, in the application of art. 3995, supra. See 5 C.J.S., Appeal and Error, § 1883, page 1368; 3B Tex.Jur. (Appeal & Error) Sec. 1030; 3A Tex.Jur. (Appeal & Error) Sec. 340.

In all other respects the judgment of the trial court is affirmed.

Affirmed in part and reversed and remanded in part with instructions.